## B. H. JONES *v.* THOMAS SPALDING.

[Abstract Kentucky Law Reporter, Vol. 5—769.]

**Evidence.**

> In a suit to determine the ownership and boundaries of land, the record of a judgment ordering the sale of the land and the purchase thereof by the appellant at commissioner's sale is competent evidence to show title and to connect the appellant with those who were divested of title by the sale made in pursuance of the judgment.

APPEAL FROM FLEMING CIRCUIT COURT.

March 11, 1884.

OPINION BY JUDGE PRYOR:

In this case the only question between the parties is as to the boundary line dividing the lands owned by each. The testimony is conclusive as to the title and possession by appellant and those under whom he claims of the land in controversy, and equally so as to the boundary line. The record of the action under which

appellant purchased shows that the parties were before the court, as well as the judgment ordering a sale of the land and the purchase by the appellant at commissioner's sale. The record was therefore competent to show title and to connect the appellant with those who were divested of title by the sale made in pursuance of the judgment. It was a link in the chain of title in this case, and the court having jurisdiction to render it the judgment can not be attacked in a collateral proceeding. All that is substantial in this record appears, and we can see no reason for excluding the record as evidence. *McGuire v. Kouns, 7* T. B. Mon. (Ky.) 386, 18 Am. Dec. 187.

The testimony in this case shows that when the appellant purchased this land that the appellee was not in possession or claiming it, and the proof is overwhelming that his line was near the dwelling in which he lived and that he so claimed it. This is an ordinary action and must be reversed with directions to award a new trial. The judgment is therefore *reversed* and cause remanded with directions to grant a new trial and for proceedings consistent with this opinion.

*W. J. Hendricks, for appellant.*

*Cole & Davis, for appellee.*